IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WEAVERLING,<br>   Plaintiff, | CIVIL ACTION<br>No. 13-1439 |
| v. | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br>   Defendant. | |

## ORDER

**AND NOW**, this 1st day of December 2014, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues [Doc. No. 11], Defendant's Response [Doc. No. 14], Plaintiff's Reply [Doc. No. 15], and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, to which there were no objections, the Court finds that the administrative record contains substantial evidence to support the ALJ's findings of fact and conclusions of law.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation [Doc. No. 18] is **APPROVED** and **ADOPTED** for the reasons set forth therein,[1] the relief requested in Plaintiff's

---

[1] Ms. Weaverling challenges the ALJ's finding that she did not meet the listing of impairments for mental illness or for degenerative joint disease. The Court agrees with the analysis set forth in the R & R and holds that the ALJ's finding that Ms. Weaverling's disabilities did not meet or equal a listing was supported by substantial evidence in the record. Although Ms. Weaverling argues that her deficits in the areas of social functioning and maintaining concentration, persistence and paces were marked, and not moderate as the ALJ found, this Court may not re-weigh the evidence of record and substitute its own conclusions. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). The ALJ's conclusion that her deficits were moderate but not marked are supported by evidence in the record, and are consistent with the medial evidence that Ms. Weaverling's mental health improved with treatment. With regard to her knees, the Court agrees that the ALJ thoroughly explained his determination that Ms. Weaverling's degenerative joint disease did not meet a listing, discussing the listing criteria and the imaging results and other findings set forth in her medical records, and also considering her joint disease together with her obesity.

Ms. Weaverling argues that the ALJ failed to give proper weight to the opinion of her treating psychiatrist, who opined early in Ms. Weaverling's psychiatric treatment that she was unable to work. The Court agrees with the careful and extensive analysis set forth in the R & R, and finds that the ALJ's assessment of the medical evidence complied with federal regulations.

Ms. Weaverling also challenges the ALJ's residual functional capacity (RFC) assessment as incomplete. She argues that the ALJ failed to consider Ms. Weaverling's non-severe impairments (hot flashes, migraine headaches, ovarian cysts, and pulmonary emboli) in assessing her RFC. As the R & R discusses, although the ALJ is required to consider any functional limitations shown to arise from these non-severe impairments, Ms. Weaverling failed to

request for review is **DENIED.**

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe*
CYNTHIA M. RUFE, J.

---

establish any such functional limitations. Ms. Weaverling also suggests that the ALJ mischaracterized her ability to independently manage her activities of daily living (finding she was mildly limited in that domain) and then relied upon this finding in determining her RFC. However, as the R & R explains, the ALJ's findings regarding Ms. Weaverling's ability to independently manage her activities of daily living were supported by record evidence.